J. Frank McKenna, Jr., an individual, on behalf of himself and all others similarly situated et al., Plaintiffs *v.* Commonwealth of Pennsylvania, State Employees' Retirement Board et al., Defendants.

Argued December 15, 1981, before President Judge CRUMLISH and Judges MENCER, ROGERS, WILLIAMS, JR., CRAIG and MACPHAIL.

*John H. Bingler, Jr.,* with him *J. Frank McKenna, III,* and *Jerome J. Pottmeyer, III, Thorp, Reed & Armstrong,* for plaintiffs.

*Mary Ellen Krober,* Deputy Attorney General, with her *Thomas J. Mangan, Jr.,* Assistant Attorney General, *Allen C. Warshaw,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for defendants.

PER CURIAM MEMORANDUM AND ORDER, January 26, 1982:

Plaintiffs, proceeding under Pa. R.A.P. 2591(b) and 42 Pa. C. S. §562, have petitioned for enforcement of the order of this court issued in *McKenna v. State Employees' Retirement Board,* 54 Pa. Commonwealth Ct. 338, 421 A.2d 1236 (1980), *affirmed,* Pa. , 433 A.2d 871 (1981). Our order of October 23, 1980 held that ''plaintiffs' first motion for summary judgment is granted;'' the pertinent part of that motion reiterated verbatim the relief requested in the complaint and thereby requested that this court:

Issue a Writ of Mandamus ordering defendants to: (1) recalculate and pay the retirement allowances of the named and class plaintiffs in accordance with the 1959 Retirement Code and the constitutional provisions of the 1974

Retirement Code, without reference to the 'freeze' imposed by the Compensation Commission Reports; and (2) pay to the named and class plaintiffs the difference between what they have received from defendants as retirement allowances and what they should have received.

Our order added a determination and declaration dealing only with the plaintiffs' retirement "allowances", thus clearly referring only to retirement benefits, with no reference to contributions whatsoever, because the issues of the case, as framed by both parties, related only to the reduction of benefits; the statement of questions by plaintiffs referred only to "retirement contract allowances," and "retirement benefits," and the counter-statement of questions by the defendant Board also referred only to "reducing the multiplier for purpose of computing retirement benefits" and "a reduction in the multiplier used to compute retirement benefits." Accordingly, in the very terms used by the Board in its description of the issues, the decision of this court was necessarily limited to the matter of the 1974 Code's reduction of "the multiplier used to compute retirement benefits."

After affirmance by the Pennsylvania Supreme Court, the Board concluded that the order provides the justification, as to the class plaintiffs, for the board to:

1. Retain the 1959 Code's higher class-of-service multiplier as to the rates of *contributions* to be made after January 1, 1973, so as to require billing members for additional contributions;

2. Demand, in relation thereto, reimbursement of so-called Option 4 withdrawals of *contributions;* and

3. Apply other provisions of the 1959 Code instead of the 1974 Code which were not at issue: e.g., the 1959 Code's final average salary computation based on a five-year period instead of the 1974 Code's final average salary computation based on a three-year period.

As noted above, the issues in the case, and hence the order, simply did not deal with contributions nor were the final averages salary provisions involved. The Board is not justified in reading into the order of this court a scope exceeding that described in the Board's own statement of the issues.

Consistent with the terms of the summary judgment motion which was granted, an enforcement order will issue.

### Per Curiam Order

Now, January 26, 1982, pursuant to plaintiffs' application, under Pa. R.A.P. 2591(b), to enforce this court's order dated October 23, 1980, defendants are hereby ordered and directed to:

1. Recalculate and pay the retirement allowances of the named and class plaintiffs in accordance with all provisions of law presently in effect and applicable, except that, in place of the class-of-service multiplier stated therein for purposes of computing retirement benefits, the provisions of Section 401(1) of the State Employees' Retirement Code of 1959, Act of June 1, 1959, P.L. 392, 71 P.S. §1725-401(1) shall govern; and

2. Pay to the named and class plaintiffs the difference between what they have received from defendants as retirement allowances and what they should receive under paragraph 1 above.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.